# EXHIBIT A

From: Weissbart, Erich [mailto:Weissbart.Erich@epa.gov]
Sent: Monday, April 10, 2017 8:36 AM
To: Jerome Cibrik (JE) (cibrikje@dow.com) <cibrikje@dow.com>; Kylie.McCord@CH2M.com
Cc: Cetin, Kenan <Kenan.Cetin@wv.gov>; McDougal, Jason S <Jason.S.McDougal@wv.gov>; pizarro, luis <pizarro.luis@epa.gov>
Subject: Institute CMP

Gentlemen,
I have completed my review of the Corrective Measures Proposal and documentation submitted to EPA on CD and the one binder.  In my opinion this CMP does not rise to the level of a Corrective Measures Study as required by the Facility Corrective Action Permit.  In addition, I find no documentation, i.e. an EPA approval that the Institute site has completed the RFI process.  As you may know, completed and approved risk assessments are part of the RFI process.  Naturally Ruth will continue her review and approval of the risk documents.  Previously I have written to you regarding site-wide groundwater and specific areas of groundwater contamination at the Institute site.  Short of a state approved or authored groundwater characterization, groundwater must be restored to its most beneficial use, which is drinking water.  As such, pursuant to the Permit and EPA CMS guidance, media cleanup standards for groundwater must be proposed in the CMS and in most cases will be a combination of MCLs and tap water RSLs.   We have discussed excepting the Tank 1010 Area from the same groundwater cleanup standards, however the Facility must include as part of a CMS a formal Technical Impracticability demonstration setting out the rationale, the proposed cleanup standards and the TI boundary where the alternate cleanup standards apply.

I located and reviewed the site-wide groundwater monitoring plan that is referred to in the CMP.  I have also reviewed some of the Excel spreadsheets from the CD containing a basic statistical analyses regarding groundwater monitoring results.  It is difficult to draw conclusions from the data excepting some sitewide groundwater is contaminated.  The spreadsheets serve to highlight those constituents of concern of primary importance, however there is no information as to the wells that were sampled regularly or included in the evaluation, nor the totality of the data used in the evaluation of exposure unit groundwater.  Minus an explanation and interpretation of the data I'm uncertain of the utility.

The bottom line is this: the UCC/Dow Institute site is an EPA Corrective Action Permitted site.  The CA Permit requires a Corrective Measures Study subsequent to an EPA approved RCRA Facility Investigation.  The submitted Corrective Measures Proposal contains some of the elements of a CMS, including risk conclusions, remedy proposal, and remedy evaluation.  The CMP does not reference an approved RFI, does not include a comprehensive current status of the facility, nor does it include numeric media cleanup standards.

Some of the information required in a CMS is contained in the other included documents and the CMP contains multiple references to historical work, however the CMS must include a high level summary of all facility environmental characterization.  The risk conclusions should be based on the characterization and EPA concurrence.  An EPA generated Statement of Basis will refer to restoration of groundwater to drinking water standards unless the groundwater is characterized otherwise.  Sites where that will not occur are sites that have demonstrated that achieving complete restoration is not practicable or that groundwater is not drinking water.  The goals proposed in the CMP for site-wide groundwater are inadequate.

Obviously I was not party to historical conversations between the Facility and the former EPA project manager nor what was agreed to.  The reason for following the RCRA Corrective Action process is for

the exact situation we find ourselves.  I have inherited multiple sites in Region 3 and was able to draft a SB and propose final remedies based on previous project managers and facilities following the process.  In rare cases I required more than a CMS to draft the SB.  The UCC/Dow PTO site is an example of a site where I required additional documentation because the CMP was unique.  PTO had previously submitted a Current Conditions Report that summarized all the data necessary to prepare a SB.  The Current Conditions Report for Institute is close to ten years old and while I have not reviewed it I don't imagine it contains all the data necessary to draft the SB considering the work performed since it's submission.  I have listed some of the deficiencies of the CMP for the Institute site.  Based on conversations it is likely the RFI phase of Corrective Action is complete, but it is not complete until EPA concludes so and that means concurrence with risk.  I am attaching EPA's Scope of Work for a Corrective Measures Study; please revise and resubmit the CMP and focus the revised document on Task 1, A and B of the attachment.  As I am uncertain of the status of the RFI phase I will not address a timeframe for submitting a revised document.  Feel free to contact me at any time to discuss this email.


Erich Weissbart, P.G.
Land and Chemicals Division
USEPA Region III
701 Mapes Road
Fort Meade, MD 20755
(410) 305-2779
weissbart.erich@epa.gov