IN THE UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF WEST VIRGINIA
CHARLESTON DIVISION

WEST VIRGINIA STATE
UNIVERSITY BOARD OF GOVERNORS
for and on behalf of West Virginia State
University,

    Plaintiff,

v.

THE DOW CHEMICAL COMPANY;
UNION CARBIDE CORPORATION;
BAYER CORPORATION;
BAYER CROPSCIENCE LP;
BAYER CROPSCIENCE HOLDING INC;
RHONE-POULENC INC.;
RHONE-POULENC AG COMPANY;
RHONE-POULENC AG COMPANY, INC.; and
AVENTIS CROPSCIENCE USA LP,

    Defendants.

Case No.: 2:17-cv-03558
Hon. John T. Copenhaver, Jr.

## WEST VIRGINIA STATE UNIVERSITY'S
## OPPOSITION TO MOTION FOR LEAVE TO FILE SURREPLY

Defendant chemical companies (the Chemical Companies) seek to file a surreply opposing West Virginia State University's motion to remand. *See* ECF 27 (motion for leave to file surreply). Surreplies are disfavored in this district. *See Powell v. YRC Worldwide, Inc.*, 2:14-cv-25638, at 2 n.3 (S.D. W. Va. June 13, 2016). Ordinarily, the moving party has the last word on its own motion. This is so even though a well-crafted reply by a moving party will invariably leave the nonmoving party wanting another bite at the apple. At some point, briefing must come to an end.

To decide whether a surreply is warranted, the Court must consider whether the moving party's reply is responsive to the arguments in the nonmoving party's opposition or instead raises

new arguments. If the moving party's reply merely answered the arguments addressed in the nonmoving party's opposition, no surreply is needed.

The Chemical Companies seek to file a surreply to four points from the University's reply. But a review of the briefing shows that each of those points responded directly to an argument from the Chemical Companies' opposition. The University will discuss each of the four contested points in turn.

## I.   The EPA's response to Dow's proposed remedial measures

The Chemical Companies first seek a surreply to the University's citation of an April 2017 email from the Environmental Protection Agency (EPA). The email appears as Exhibit A to the University's reply in support of its motion to remand. ECF 26-1 (hereinafter "EPA Email"). The email concerned the status of the Corrective Measures Proposal that The Dow Chemical Company (Dow) submitted in January 2017, in which Dow requested approval for its plan to address groundwater contamination at its Institute plant and on the University's property.[1] *Id.*

The Chemical Companies addressed the status of Dow's proposed contamination response at length in their opposition brief. Among other things, they asserted that the "EPA is in the middle of reviewing the corrective measures proposal." Mem. in Support of Defs.' Joint Opp. to Pl.'s Mot. to Remand 6 (ECF 24) (hereinafter "Joint Opp. Mem."). They claimed that the EPA had made "regulatory determinations" regarding the proper way to address groundwater contamination at the Institute site. *Id.* at 1-2. The Chemical Companies also set forth a detailed chronology of events relating to Dow's proposed corrective measures, including events in January 2017—the submission of Dow's Corrective Measures Proposal—and May 2017: a meeting between Dow and the EPA. *Id.* Taken as a whole, the Chemical Companies' brief

---

[1] The Dow Chemical Company and its wholly owned subsidiary Union Carbide Corporation are both named as defendants in this action. The University refers to them collectively as "Dow."

contended that the EPA had approved Dow's approach to addressing groundwater contamination and the University's complaint would interfere with that EPA-approved approach.

To rebut these claims, the University cited an April 2017 email from the EPA to Dow that painted quite a different picture. Among other things, the email stated that Dow's Corrective Measures Proposal:

- "does not rise to the level" required for such a submission;
- provided "no documentation" in required areas;
- omitted fundamental requirements;
- proposed groundwater cleanup goals that were "inadequate"; and
- therefore must be "revise[d] and resubmit[ted]."

*See* EPA Email.

The University's discussion of the EPA Email was offered as direct refutation of the Chemical Companies' claim in their opposition that the EPA had approved Dow's approach to addressing groundwater contamination. It raised no issues beyond those discussed in the parties' previous briefing. Rather, it cited an authority that cast doubt on the Chemical Companies' claims. This is a proper function of a reply.

The Chemical Companies contend that they are entitled to a surreply because the University did not cite the EPA Email in its motion to remand. But that is not the test for whether a surreply is appropriate. A moving party is not required to anticipate all the arguments that the nonmoving party might make in opposition and preemptively reply to them.

The EPA Email, moreover, presents special circumstances that further weigh against a surreply. The Chemical Companies possessed it at the time they filed their opposition brief, but they chose to omit it from their chronology of encounters with the EPA. One might surmise that

3

they made this choice because the EPA Email contradicts the narrative they sought to establish. In its reply, the University corrected the omission. There is no unfairness in requiring the Chemical Companies to live with their decision to withhold the EPA Email from their initial version of events.

The University's reply also asserts that the Chemical Companies' omission of the EPA Email was misleading. The Chemical Companies contend that this entitles them to a surreply. It does not. If a nonmoving party omits important information from an argument made in its opposition and the moving party later notes that the omission was misleading, that observation still falls in the category of rebuttal. It does not justify giving the nonmoving party another chance to file.

## II.  Federal officer removal

The Chemical Companies next contend that they should have a surreply on federal officer removal because the University cited a Supreme Court case that contradicts their argument on that issue. The University cited the case, however, in direct response to an argument from the Chemical Companies' opposition: that Dow is acting subject to federal environmental requirements. Joint Opp. Mem. at 18-22. According to the Chemical Companies, this means that Dow is "acting under" a federal officer within the meaning of the pertinent removal statute, 28 U.S.C. § 1442.

The University rebutted that claim by citing a contradictory Supreme Court case. *Watson v. Philip Morris Companies*, 551 U.S. 142 (2007), rejected the theory that an entity following federal regulatory requirements is "acting under" a federal officer for purposes of removal jurisdiction. *Id.* at 145. The Chemical Companies assert that the University should have cited *Watson* in its initial motion to remand, and that because it did not, they must have a surreply.

Again, this claim misconstrues the briefing process. The moving party is not required to predict every argument that the nonmoving party will make and rebut it in advance.

On this point, too, there is a special circumstance that weighs against leave to file a surreply. The Chemical Companies themselves cited *Watson* in their opposition. Joint Opp. Mem. 22 n.10. They neglected to inform the Court that it was controlling adverse authority. If they wanted to attempt to distinguish *Watson*, they had the opportunity to do so in their opposition. There is no unfairness in requiring them to live with their decision not to mention its core holding.

### III.     The historically black university issue

The Chemical Companies next contend that they should have a surreply on their argument regarding the University's status as an historically black land-grant university. In their opposition, the Chemical Companies acknowledged that land-grant institutions founded under the 1862 federal Land-Grant Act—such as West Virginia University (WVU)—can be arms of the state for diversity purposes. But they contended that land-grant institutions founded under the 1890 federal Land-Grant Act *cannot* be—because the purpose of the 1890 Act was to provide educational opportunities for African-Americans. Joint Opp. Mem. 23-24.

The University responded that it was "ill-considered, to put it generously" to attempt to distinguish the University from WVU on the ground that the University was originally founded for African-American students. W. Va. State Univ.'s Reply in Support of Mot. to Remand 6 (ECF 26). The University also pointed out that predicating federal jurisdiction on whether a land-grant school was founded for whites or instead for African-Americans would raise serious constitutional concerns. *Id.* 3.

These contentions in the University's reply are proper rebuttal. They respond directly to an argument raised in the Chemical Companies' opposition. And the Chemical Companies can hardly claim surprise that the University would object when they raised its historically black status as a reason to deny it a state forum.

### IV. Attorneys' fees and costs

Finally, the Chemical Companies claim that the University raised a new issue in its reply by requesting attorneys' fees and costs. This claim is erroneous. The University's motion to remand expressly made this demand, stating:

> Clear authority on each of these points existed at the time of removal. Defendants have thus improperly removed this case and caused the University to incur attorney's fees and expenses in addressing the Notice of Removal and moving to remand. For this reason, the University seeks costs and expenses, including attorney's fees, incurred because of the removal. *See* 28 U.S.C. § 1447(c).

Mot. to Remand at 2 (ECF 10).

The Chemical Companies' themselves discussed the request for attorneys' costs and fees in their opposition. Joint Opp. Mem. 31 n.18. And the University's reply further explained why attorneys' fees and costs should be assessed. This issue has now been addressed three times, with both sides expressing their views. It provides no basis for a surreply.

### V. Conclusion

Every litigant would like to have the last word on every issue, but our system of briefing has adopted the policy that the last word should go to the moving party, as long as that party's reply is responsive to the nonmoving party's opposition. Here, every point about which the Chemical Companies complain was a direct response to an argument made in their opposition. The Chemical Companies' theory seems to be that the University was obliged to predict what

they would argue in their opposition and respond to it ahead of time. That, of course, is not the rule. The Chemical Companies' motion for surreply should be denied.

If the Court chooses to grant the motion for surreply in whole or in part, the University respectfully requests a surrebuttal on any issues that the Court concludes were raised for the first time in its reply. This is in keeping with the principle that a moving party gets the last word on its own motion.

                        Respectfully submitted,

                        **WEST VIRGINIA STATE UNIVERSITY BOARD OF GOVERNORS for and on behalf of West Virginia State University,**

                        By Counsel.

*/s Steven R. Ruby*_____
Brian A. Glasser (WVSB #6597)
Samuel A. Hrko (WVSB #7727)
Steven R. Ruby (WVSB #10752)
Sharon F. Iskra (WVSB #6582)
Bailey & Glasser LLP
209 Capitol Street
Charleston, West Virginia 25301
(304) 345-6555
(304) 342-1110 *facsimile*

## **CERTIFICATE OF SERVICE**

The undersigned counsel for Plaintiff hereby certifies that on this 14th day of September, 2017, a true and correct copy of **West Virginia State University's Opposition to Motion for Leave to File Surreply** was electronically filed with the Clerk of the Court via the CM/ECF system, which will send notification of such filing to all attorneys of record in this matter and via United States Mail to the following non CM/ECF participants:

> Douglas J. Kurtenbach
> Douglas G. Smith
> Scott A. McMillin
> Kirkland & Ellis LLP
> 300 North LaSalle
> Chicago, IL 60654

*/s Steven R. Ruby*
Steven R. Ruby