## UNITED STATES FEDERAL DISTRICT COURT
## SOUTHERN DISTRICT OF WEST VIRGINIA

| | |
|---|---|
| WEST VIRGINIA STATE UNIVERSITY BOARD OF GOVERNORS for and on behalf of West Virginia State University, <br><br> *Plaintiff*, <br><br> v. <br><br> THE DOW CHEMICAL COMPANY; UNION CARBIDE CORPORATION; BAYER CORPORATION; BAYER CROPSCIENCE LP; BAYER CROPSCIENCE HOLDING INC.; RHONE-POULENC INC.; RHONE-POULENC AG COMPANY; RHONE-POULENC AG COMPANY, INC.; and AVENTIS CROPSCIENCE USA LP, <br><br> *Defendants*. | Case. No.  2:17-CV-03558 |

## DEFENDANTS' REPORT OF PARTIES' PLANNING MEETING

Defendants, Union Carbide Corporation and The Dow Chemical Company, Bayer Corporation, Bayer CropScience LP, Bayer CropScience Holding Inc., Rhone-Poulenc Inc., Rhone-Poulenc Ag Company, Rhone-Poulenc Ag Company, Inc., and Aventis CropScience USA LP ("Defendants"), hereby file their Report of Parties' Planning Meeting in accordance with Rule 26 of the Federal Rules of Civil Procedure.

### I.    Introductory Summary

On September 4, 2017, defendants filed a Motion to Dismiss plaintiff's First Amended Complaint and, in the alternative, requested that the Court stay the proceedings to avoid interference with the ongoing EPA cleanup. (Dkt. 29, at 28-33.)  A formal motion for stay based on these and additional grounds will be filed shortly.  In the interim, defendants hereby file their Report of Parties Planning Meeting in accordance with Rule 26 of the Federal Rules of Civil Procedure and this Court's Scheduling Order.  While the parties were able to agree on many issues at the Rule 26(f) planning meeting, there was a fundamental disagreement over whether the proceedings should be phased.  Defendants' proposal to phase the proceedings to address certain threshold issues that would be dispositive of this litigation is addressed below.

1

**Defendants' Request for a Stay.**  As defendants observed in their motion to dismiss, the issues raised in plaintiff's complaint are the subject of an EPA cleanup that has been ongoing for the last 30 years and which is nearing completion.  Plaintiff's complaint asks this Court to impose a variety of remedial measures to address contamination that overlap significantly, if not completely, with the ongoing EPA cleanup — including remedial measures that the EPA has deemed unnecessary and unwarranted.  Plaintiff requests this extraordinary relief despite the fact that it has repeatedly acknowledged — and the EPA concurs — that there is no health risk posed to anyone from the contamination at issue here.  (Dkt. 3-2, 3-3, 3-4.)  Prosecution of this action would only improperly interfere with the ongoing EPA cleanup.  Accordingly, a stay is warranted "in order to permit the [agency] to continue its investigation, supervision, and remediation of the site without the prospect of conflicting directives from this court as to how the contamination should be remedied."  *Davies v. Natl. Cooperative Refinery Ass'n*, 963 F. Supp. 990, 999 (D. Kan. 1997).  *See also, e.g., Stevens v. Boston Scientific Corp.*, 152 F. Supp. 3d 527, 531 (S.D. W. Va. 2016) (quoting *United States v. W. Pac. R.R. Co.*, 352 U.S. 59, 63 (1956)) (staying private civil action pending cleanup pursuant to doctrine of primary jurisdiction); *Jones v. Halliburton Energy Servs., Inc.*, 2016 WL 1212133, at *3 (W.D. Okla. Mar. 25, 2016) ("[T]he Court finds that it should abstain from exercising jurisdiction" in order to allow regulators to "continue the investigation, supervision, and remediation of the Site without the prospect of conflicting directives from this Court as to how the contamination should be remedied.").

At a minimum, the case should be stayed until the motions pending before the Court are resolved.  Not only does defendants' motion to dismiss raise several significant defects in plaintiff's complaint that, if granted, would eliminate this litigation altogether or, at least, significantly curtail it, but plaintiff has filed a remand motion challenging this Court's jurisdiction altogether.  Plaintiff's motion is meritless and the Court may exercise jurisdiction over this case on multiple grounds.  Nonetheless, it makes no sense to proceed with discovery when plaintiff challenges this Court's jurisdiction to even hear the matter: It "is prudent to determine whether subject-matter jurisdiction exists before asking the litigants to expend considerable time and effort to engage in any other activities related to the action."  *See, e.g., Cent. W. Virginia Reg'l Airport Auth., Inc. v. Triad Eng'g, Inc.*, 2015 WL 6758233, at *4 (S.D. W. Va. Nov. 5, 2015) (granting stay pending resolution of remand motion); *Martin v. State Farm Mut. Auto. Ins. Co.*, 2010 WL 1484706, at *1 (S.D. W. Va. Apr. 12, 2010) (granting stay pending resolution of remand motion because "disposition of Plaintiffs' jurisdictional inquiry is a necessary threshold matter").

Such considerations apply with even greater force here given that, even if plaintiff's motion were granted, because defendants have invoked this Court's jurisdiction under the federal officer removal statute, defendants would have a statutory right to appeal any remand order and corresponding grounds for a stay pending appeal.  Under the federal officer removal statute, any order remanding the case "shall be reviewable by appeal."  28 U.S.C. § 1447(d).  *See, e.g., Sawyer v. Foster Wheeler LLC*, 860 F.3d 249, 254 (4th Cir. 2017) (reversing remand of federal officer removal appealed "as authorized by 28 U.S.C. § 1447(d)").  Given this statutory right, courts have repeatedly entered stays or such orders pending appeal.  *See, e.g., Northrop Grumman Tech. Servs., Inc. v. Dyncorp Intl. LLC*, 2016 WL 3346349 (E.D. Va. June 16, 2016) (granting motion to stay order rejecting federal officer removal pending appeal); *Raskas v. Johnson & Johnson*, 2013 WL 1818133, at *1 (E.D. Mo. Apr. 29, 2013) (granting motion to stay remand order denying removal based on CAFA pending appeal); *Indiana State Dist. Council of*

*Laborers & Hod Carriers Pension Fund v. Renal Care Grp., Inc.*, 2005 WL 2237598 (M.D. Tenn. Sept. 12, 2005); *Dalton v. Walgreen Co.*, 2013 WL 2367837 (E.D. Mo. May 29, 2013).

**Defendants' Proposal for Phasing.** While the parties were able to agree on many issues at the Rule 26(f) planning meeting, there was a fundamental disagreement over whether the proceedings should be phased. Defendants propose that any further necessary proceedings be phased to address certain threshold issues that would both be dispositive of this litigation and may be resolved with little or no discovery. *See* Fed. R. Civ. P. 26(f)(3)(B). As detailed in defendants' pending motion to dismiss (which will be fully briefed by October 30, 2017), this Court right now can rule that plaintiff has suffered no injury and/or that any purported claims are time-barred and dismiss this litigation. To the extent the Court does not dismiss the claims on these grounds, these same threshold issues may be resolved through Rule 56 motion practice with little or no discovery.

Accordingly, defendants propose that the discovery period be split into two phases,[1] with resolution of these threshold issues of injury and the statute of limitations at the outset (with little or no discovery) before the parties begin any remaining discovery. Plaintiff has not suffered any legally cognizable injury, but even if it had, any such claim would have accrued years ago and is time-barred. Utilizing phased proceedings to resolve such threshold issues is appropriate and would further judicial economy. *See, e.g., Axler v. Sci. Ecology Grp., Inc.,* 1999 WL 1209512, at *5 (D. Mass. May 21, 1999) (holding that "phased discovery, confined initially to the statute of limitations issue, is appropriate"); *CSX Transp., Inc. v. Gilkison,* 2007 WL 1960612, at *1 (N.D. W. Va. July 2, 2007) (discussing "two phase discovery plan" implemented in court's scheduling order); *Caudle v. Towers, Perrin, Forster & Crosby, Inc.,* 580 F. Supp. 2d 273, 275 (S.D.N.Y. 2008) (phasing discovery to permit the parties to explore first whether plaintiff suffered a legally cognizable injury); *Freier v. Westinghouse Elec. Corp.,* 303 F.3d 176, 184 (2d Cir. 2002) (trial court initially limited discovery to "statute-of-limitations issues").

Phasing of discovery is particularly appropriate under the new proportionality standards of Rule 26. Under those standards, discovery must be "proportional to the needs of the case" and courts must make "a case-specific determination of the appropriate scope of discovery." Fed. R. Civ. P. 26(b)(1) & advisory committee note. Applying those standards here, phasing of the case and discovery makes eminent good sense, given that the issues defendants propose addressing first may be resolved with little to no discovery and would dispose entirely of the litigation. As noted in defendants' motion to dismiss, plaintiff has repeatedly acknowledged not only that no one has been injured, but that there is "no threat to human health" and "no one in the campus community" is even being "exposed to contamination" — and the EPA concurs. (Dkt. 3-2, 3-3, 3-4.) Likewise, plaintiff has acknowledged publicly that university officials "learned of the contamination" no less than "four years ago, when they took ownership from the state of the former West Virginia Rehabilitation Center, located between the campus and the chemical plant." (Dkt. 3-30, WVSU Sues Dow Over Water Pollution at Institute Campus, Charleston

---

[1] Defendants note that in opposition to plaintiff's remand motion they also requested that they be afforded an opportunity to take limited jurisdictional discovery regarding plaintiff's allegation that it is an "arm of the state" exempt from this Court's discovery jurisdiction. (Dkt. 24, at 30-31.) To the extent the Court determines that jurisdictional discovery is necessary or appropriate regarding the pending remand motion, that limited discovery should proceed before the other proposed phases of the litigation.

Gazette-Mail (Apr. 27, 2017).)   Accordingly, plaintiff's own admissions demonstrate that plaintiff has suffered no injury and that its claims are time-barred.

## II.    Report of Parties' Planning Meeting

Pursuant to Rule 26(f) of the Federal Rules of Civil Procedure, a meeting was held on

October 4, 2017.  Those participating where:

| | |
|---|---|
| Steven R. Ruby | for plaintiff(s) |
| Samuel A. Hrko | for plaintiff(s) |
| Patricia M Bello | for defendant(s) Union Carbide Corporation |
| Floyd E. Boone, Jr. | for defendant(s) Union Carbide Corporation |
| David R. Pogue | for defendant(s) The Dow Chemical Company |
| Christine P. Payne | for defendant(s) The Dow Chemical Company |
| Scott A. McMillin | for defendant(s) The Dow Chemical Company |
| Joseph M. Price | for defendant(s) Bayer Corporation; Bayer CropScience LP; Bayer CropScience Holding Inc.; Rhone-Poulenc Inc.; Rhone-Poulenc AG Company; Rhone-Poulenc AG Company Inc. and Aventis CropScience USA LP |
| Robert E, Lannan | for defendant(s) Bayer Corporation; Bayer CropScience LP; Bayer CropScience Holding Inc.; Rhone-Poulenc Inc.; Rhone-Poulenc AG Company; Rhone-Poulenc AG Company Inc. and Aventis CropScience USA LP |
| Stephen F. Gandee | for defendant(s) Bayer Corporation; Bayer CropScience LP; Bayer CropScience Holding Inc.; Rhone-Poulenc Inc.; Rhone-Poulenc AG Company; Rhone-Poulenc AG Company Inc. and Aventis CropScience USA LP |

1.     Pre-Discovery Initial Disclosures.  The parties will exchange by **November 6, 2017** the information required by Fed. R. Civ. P. 26(a)(1).

2.     Plaintiff(s) should be allowed until **December 22, 2017** to file a motion for leave to join additional parties and until **December 22, 2017** to file a motion for leave to amend the

pleadings.[2]  Defendant(s) should be allowed until **January 19, 2018** to join additional parties and until **January 19, 2018** to amend the pleadings.

3.     **Discovery Plan.**  Defendants propose to the court the following discovery plan:

a.     **Discovery will be needed on the following subjects:**  The parties were **unable** to agree to a discovery plan. While the parties were able to agree on many issues at the Rule 26(f) planning meeting, there was a fundamental disagreement over whether the proceedings should be phased.  Defendants propose that the proceedings should be phased to include the following periods of phased discovery:

> **(1) Statute of Limitations and Lack of Legal Injury:**     To the extent not resolved by defendants' motion to dismiss, defendants propose that the proceedings be phased to address issues surrounding plaintiff's lack of legal injury and defendants' assertion that this matter is barred by the statute of limitations ("hereinafter "Threshold Issues").     Said issues would be dispositive of this litigation and can be resolved with little or no discovery. Accordingly, defendants propose that this phase proceed from **November 22, 2017**[3] (or the date of Court's scheduling order) to the date of the Court's ruling on defendants' dispositive motion on these threshold issues (any such motions are to be filed on **March 9, 2018**, with responses and replies filed according to the Local Rules).

> **(2) Remaining issues:** Should any further proceedings be necessary in this litigation, such a "final phase" would address any remaining issues, with discovery occurring from the date of the Court's ruling on defendants' dispositive motion on these threshold issues through **May 10, 2019.** The Bayer Defendants propose limiting discovery during this phase to the actual contaminants plaintiff alleges contaminated its property in its First Amended Complaint -- namely, 1,4 dioxane; 1,1 dichloroethane, and chloroform. Dkt. 3-1, #49, paragraph 20 (Complaint); #71, paragraph 21 (First Amended Complaint).  Such limitation would avoid unnecessary, time consuming and expensive discovery without unnecessarily restricting Plaintiff's discovery of relevant evidence or material which would be reasonably likely to lead to the discovery of admissible evidence.

b.     **Electronically Stored Discovery:**  The parties have reviewed Local Rule 26.5 and have discussed how the preservation, and disclosure of electronically stored information ("ESI") should be handled, including the following:

---

[2] Plaintiffs have already amended their complaint once and are required by the rules to obtain leave of Court to file any further amendment.
[3] In its September 18, 2017 order, the Court indicated that it would enter a scheduling order on this date.  (Dkt. 36.)

i.   It is likely that one or more parties will seek discovery of electronically stored information such as emails, files or documents stored on a server or computer, or other electronic documents.

✓ Yes        ☐ No

**The parties have generally agreed upon a format for production of ESI, as follows:**   The parties are continuing to discuss the handling of electronic discovery and are working to prepare an ESI protocol for use in this matter.  The parties have agreed to hold a telephonic conference call at a mutually convenient time to further discuss ESI and the terms of a protocol in this matter. The parties will file an appropriate motion (agreed or otherwise) with the Court should it become necessary.

ii.   The parties believe it is possible that metadata may be relevant in this case, such as the data stamp when an electronic document was created or modified.

✓ Yes        ☐ No

**The parties have generally agreed upon a format for production of such metadata, as follows:** The parties are continuing to discuss the handling of electronic discovery and are working to prepare an ESI protocol for use in this matter.   The parties have agreed to hold a telephonic conference call at a mutually convenient time to further discuss ESI and the terms of a protocol in this matter. The parties will file an appropriate motion with the Court should it become necessary.

iii.   At this time, the parties have agreed on what ESI is "reasonably accessible" as defined in R. 26(b)(2)(B).

☐ Yes        ☒ No

The parties are continuing to discuss the handling of electronic discovery and are working to prepare an ESI protocol for use in this matter.  The parties have agreed to hold a telephonic conference call at a mutually convenient time to further discuss ESI and the terms of a protocol in this matter. The parties will file an appropriate motion with the Court should it become necessary.
.

iv.   Have the parties agreed on any search protocol for the review of electronic data including methods to filter the data?

☐ Yes        ☒ No

The parties are continuing to discuss the handling of electronic discovery and are working to prepare an ESI protocol for use in this matter. The parties have agreed to hold a telephonic conference call at a mutually convenient time to further discuss ESI and the terms of a protocol in this matter. The parties will file an appropriate motion with the Court should it become necessary.

v.      Are there any unresolved issues pertaining to the preservation of ESI? If so, please describe:

vi.      Other. Identify all other outstanding issues or disputes concerning ESI:

c.      **Protective Order.** The parties anticipate the entry of a protective order to protect the confidentiality of certain documents and materials. The parties are currently discussing the content of a proposed protective order and agree to work together regarding the contents of the same. The parties will file an appropriate motion with the Court should it become necessary.

d.      **Inadvertent disclosure.** The parties anticipate the entry an Order Governing the Inadvertent Disclosure of Documents or Other Material. The parties are currently discussing the content of a proposed protective order and agree to work together regarding the contents of the same. The parties will file an appropriate motion with the Court should it become necessary.

e.      **Deposition Protocol.** The parties have not yet determined the number of depositions that may need to be taken in this matter but agree to be reasonable. The parties will continue to confer regarding a reasonable limit to the number of depositions during the course of discovery. The parties will file an appropriate motion with the Court should it become necessary.

f.      The last day to serve discovery requests on Threshold Issues is **December 15, 2017.** Discovery on Threshold Issues, including all depositions, if any, shall be completed on or before **February 16, 2018.**

The last day to serve discovery requests on all remaining issues is **October 26, 2018.** Fact discovery, including depositions of all fact and lay witnesses, on remaining issues shall be completed on **December 21, 2018.** Under any circumstances, fact discovery should be concluded before expert reports are due. Expert discovery, including depositions of all expert witnesses, on remaining issues shall be completed on **May 10, 2019.**

g.      **Discovery limits.** The parties have not determined the number of interrogatories that may need to be served in this matter but agree to be reasonable. The parties will continue to confer regarding a reasonable limit during the course of discovery. The parties shall file the appropriate motion with the Court should it become necessary.

h.      The parties **do not** believe that this case requires additional judicial oversight such as special case management procedures or regularly held conferences.

      i.      Reports from retained experts under Rule 26(a)(2) due:

By the party bearing the burden of proof on an issue: on or before **January 14, 2019**

By the party not bearing the burden of proof on an issue: on or before **March 1, 2019**

Rebuttal to March 1, 2019 reports: on or before **April 1, 2019**

4.     Magistrate judges will resolve all discovery disputes.  The parties **do not** consent to have a United States Magistrate judge conduct any further proceedings in this case, including trial, and order the entry of a final judgment.

5.     Mediation shall take place on or before **April 26, 2019.**

6.     Potential dispositive motions on Threshold Issues shall be filed on or before **March 9, 2018,** with responses and replies filed according to the Local Rules.

Potential dispositive motions on all remaining issues shall be filed by **May 31, 2019,** with responses and replies filed according to the Local Rules.

7.     The parties request a pretrial conference on **August 5, 2019** or 7 days from the date Defendants submit a proposed integrated pretrial order, whichever is later.

The Plaintiff(s) shall submit a proposed pretrial order to Defendant(s) on or before **July 29, 2019** or 20 days from the date of the Court's ruling on summary judgment, whichever is later.

The Defendants shall compile a proposed integrated pretrial order and submit it to chambers of the presiding judicial officer on or before **August 5, 2019** or 7 days from the date Plaintiffs submit their proposed pretrial order, whichever is later**.**

8.     Where applicable, proposed jury instructions shall be exchanged and transmitted to chambers of the presiding judicial officer in Microsoft Word format on or before **August 12, 2019** or 7 days from the date of the pretrial conference, whichever is later.

9.     Where applicable, findings of fact and conclusions of law shall be exchanged and transmitted to chambers of the presiding judicial officer in Microsoft Word format on or before **August 5, 2019** or the date of the pretrial conference, whichever is later.

10.    A final settlement conference will take place on **August 16, 2019** or 11 days from the date of the pretrial conference, whichever is later.

11.     The case should be ready for trial by **August 19, 2019** or 14 days from the date of the pretrial conference, whichever is later, and at this time is expected to take approximately **20** days.[4]

The parties kindly request that they be permitted to appear before this Court during the Scheduling Conference currently scheduled for **November 17, 2017** at **1:30 p.m.** to further discuss this matter and the items outlined above.

Dated:  October 11, 2017

*/s/Patricia M. Bello*
R. Scott Masterson (WV Bar #10730)
Matthew A. Nelson (WV Bar #9421)
Patricia M. Bello (WV Bar #11500)
LEWIS BRISBOIS BISGAARD & SMITH LLP
222 Capitol Street, Fifth Floor
Charleston, West Virginia 25301
(304) 553-0166
Scott.masterson@lewisbrisbois.com
Matt.nelson@lewisbrisbois.com
Patricia.bello@lewisbrisbois.com
*Counsel for Union Carbide Corporation*

*/s/Floyd E. Boone, Jr.*
Floyd E. Boone Jr. (WV Bar #8784)
Thomas A. Heywood (WV Bar #1703)
Roger G. Hanshaw (WV Bar #11968)
Bowles Rice, LLP
600 Quarrier Street
Charleston, WV 25301
(304)347-1733
fboone@bowlesrice.com
theywood@bowlesrice.com
rhanshaw@bowlesrice.com
*Counsel for Union Carbide Corporation*

*/s/ David R. Pogue*
Michael W. Carey (WV Bar #635)
David R. Pogue (WV Bar #10806)
Carey, Scott, Douglas & Kessler, PLLC
901 Chase Tower
707 Virginia Street, East
P.O. Box 913
Charleston, WV 25323
(304) 345-1234
mwcarey@csdlawfirm.com
drpogue@csdlawfirm.com

and

Douglas J. Kurtenbach, P.C. (*pro hac vice*)
Douglas G. Smith, P.C. (*pro hac vice*)
Scott A. McMillin, P.C. (*pro hac vice*)
Kirkland & Ellis
300 North LaSalle
Chicago, IL 60654
(312) 862-2000
douglas.kurtenbach@kirkland.com
douglas.smith@kirkland.com
scott.mcmillin@kirkland.com

*Counsel for The Dow Chemical Company*

---

[4] Should the Court not adopt Defendants phased discovery approach, Defendants respectfully request that the Court enter all other deadlines set forth herein.  To the extent subsequent proceedings make any of these dates somehow inappropriate or not feasible, defendants reserve the right to seek amendment of the schedule.

*/s/ Joseph M. Price*
Joseph M. Price (WV Bar #2981)
Stephen F. Gandee (WV Bar #5204)
Robinson & McElwee, PLLC
700 Virginia Street, East, Suite 400
Charleston, West Virginia 25301
jmp@ramlaw.com
sfg@ramlaw.com
*Counsel for Bayer Corporation, Bayer CropScience*
*LP, Bayer CropScience Holding, Inc., Rhone-*
*Poulenc, Inc., Rhone-Poulenc AG Company,*
*Rhone-Poulenc AG Company, Inc. and Aventis*
*Corporation USA LP*

UNITED STATES FEDERAL DISTRICT COURT
SOUTHERN DISTRICT OF WEST VIRGINIA

| | |
|---|---|
| WEST VIRGINIA STATE UNIVERSITY BOARD OF GOVERNORS for and on behalf of West Virginia State University, <br><br> *Plaintiff*, <br><br> v. <br><br> THE DOW CHEMICAL COMPANY; UNION CARBIDE CORPORATION; BAYER CORPORATION; BAYER CROPSCIENCE LP; BAYER CROPSCIENCE HOLDING INC.; RHONE-POULENC INC.; RHONE-POULENC AG COMPANY; RHONE-POULENC AG COMPANY, INC.; and AVENTIS CROPSCIENCE USA LP, <br><br> *Defendants*. | ) ) ) ) ) ) ) ) ) Case. No. 2:17-CV-03558 ) ) ) ) ) ) ) ) ) ) ) ) ) |

## CERTIFICATE OF SERVICE

The undersigned hereby certifies that on this 11th day of October, 2017, the foregoing

"**DEFENDANTS' REPORT OF PARTIES' PLANNING MEETING**" was electronically

filed with the Clerk of the Court using the CM/ECF system, which will send a Notice of

Electronic Filing to, and constitutes service on

> Brian A. Glasser, Esquire
> Samuel A. Hrko, Esquire
> Steven R. Ruby, Esquire
> Sharon F. Iskra, Esquire
> Bailey & Glasser LLP
> 209 Capitol Street
> Charleston, WV 25301
> *Counsel for Plaintiff*

11

Michael W. Carey, Esquire
David R. Pogue, Esquire
Carey, Scott, Douglas & Kessler, PLLC
P.O. Box 913
Charleston, WV 25323
*Counsel for The Dow Chemical Company*

Joseph M. Price, Esquire
Stephen F. Gandee, Esquire
Robinson & McElwee PLLC
700 Virginia Street, East, Suite 400
Charleston, West Virginia 25301
*Counsel for Bayer Corporation, Bayer CropScience LP,*
*BayerCropScience Holding, Inc., Rhone-Poulenc, Inc., Rhone-*
*Poulenc AG Company, Rhone-Poulenc AG Company, Inc. and*
*Aventis Corporation USA, LP*

/s/ Patricia M. Bello
Patricia M. Bello (WV Bar #11500)
LEWIS BRISBOIS BISGAARD & SMITH LLP
222 Capitol Street, Fifth Floor
Charleston, West Virginia 25301
(304) 553-0166
Patricia.bello@lewisbrisbois.com