```
            UNITED STATES DISTRICT COURT
         SOUTHERN DISTRICT OF WEST VIRGINIA
                    AT CHARLESTON
```

WEST VIRGINIA STATE UNIVERSITY
BOARD OF GOVERNORS, for and on
behalf of West Virginia State
University,

      Plaintiff,

v.                                      Civil Action No. 2:17-cv-3558

THE DOW CHEMICAL COMPANY, and
UNION CARBIDE CORPORATION, and
BAYER CORPORATION, and BAYER CROPSCIENCE
LP, and BAYER CROPSCIENCE HOLDING
INC., and RHONE-POULENC INC., and
RHONE-POULENC AG COMPANY, and
RHONE-POULENC AG COMPANY, INC., and
AVENTIS CROPSCIENCE USA LP,

      Defendants.

## MEMORANDUM OPINION AND ORDER

On June 5, 2020, defendants Union Carbide Corporation and The Dow Chemical Company filed a motion to stay pending appeal.

Defendants request that the court stay its remand order, entered on June 1, 2020, pending their appeal.  Under Federal Rule of Civil Procedure 62(a), "execution on a judgment and proceedings to enforce it are stayed for 30 days after its entry, unless the court orders otherwise."  Fed. Rule Civ. P. 62(a).  Rule 54(a) defines "judgment" as "a decree and any order

from which an appeal lies." Fed. R. Civ. P. 54(a). Although remand orders are not generally reviewable on appeal, "an order remanding a case to the State court from which it was removed pursuant to section 1442 or 1443 of this title shall be reviewable by appeal." 28 U.S.C. § 1447(d). Defendants assert that the court's remand order is appealable inasmuch as this case was removed based on federal officer removal. 28 U.S.C. § 1442(a)(1); see also Wood v. Crane Co., 764 F.3d 316, 320 (4th Cir. 2014) ("This case was originally removed pursuant to § 1442(a)(1) and is thus reviewable."). Plaintiff has yet to file a response.

Before the court reaches a decision on whether to grant a stay pending appeal, defendants also request a temporary stay to avoid the expiration of the 30-day automatic stay while the instant motion is pending. Inasmuch as this case was removed pursuant to 28 U.S.C. § 1442, defendants are entitled to a 30-day automatic stay on the execution of the remand order from the date of its issuance. See Norhtrop Grumman Tech. Servs., Inc. v. DynCorp Int'l LLC, No. 1:16CV534(JCC/IDD), 2016 WL 3180775, at *2 (E.D. Va. June 7, 2016) (granting 14-day temporary stay of court's remand order because case was removed

from state court pursuant to § 1442).[1]  However, the court will refrain from extending the 30-day automatic stay until defendants' motion is fully briefed or the court otherwise deems such action is warranted.

Accordingly, it is ORDERED that defendants' request for a temporary stay is granted insofar as they are entitled to a 30-day automatic stay under Rule 62(a).  It is further ORDERED that the court's order entered on June 1, 2020 remanding this civil action to the Circuit Court of Kanawha County, West Virginia be, and it hereby is, stayed until July 1, 2020.

The Clerk is requested to transmit this order to all counsel of record and to the Circuit Court of Kanawha County, West Virginia.

ENTER: June 8, 2020

John T. Copenhaver, Jr.
Senior United States District Judge

---

[1] The 2018 Amendments to Rule 62(a) extended the period of the automatic stay from 14 days to 30 days.  See Fed. R. Civ. P. 62, Advisory Committee's Notes (2018).